IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DAMIEN A. CARTER,                          )
                                           )
            Movant,                        )
                                           )
vs.                                        )   Case No. 08-0851-CV-W-ODS
                                           )   Crim. No. 05-00439-01-CR-W-ODS
UNITED STATES OF AMERICA,                  )
                                           )
            Respondent.                    )

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND (2) DECLINING TO ISSUE CERTIFICAT OF
APPEALABILITY

        Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. §
2255.  The motion is denied, and the Court declines to issue a Certificate of
Appealability.


I.  THE MOTION'S MERITS


        Movant pleaded guilty to conspiring to possess with intent to distribute fifty or
more grams of cocaine base and possessing a firearm in connection with that crime.
He later filed a motion to withdraw his plea, alleging his attorney failed to file a motion to
suppress.  The motion to withdraw the plea was denied, and the Court of Appeals
affirmed.  United States v. Carter, No. 07-1341 (8th Cir. Dec. 4, 2007).  He now seeks
postconviction relief pursuant to 28 U.S.C. § 2255, alleging he received ineffective
assistance of counsel when his attorney failed to file the aforementioned motion to
suppress.  The record establishes that his claim lacks merit, so his motion is denied.
        Movant contends he was arrested in his mother's house (where he also lived)
when police "forced entry into the residence due to [an] active Jackson County warrant."
While executing the arrest, officers observed marijuana and a firearm.  Movant alleges

he had previously "satisfied" his warrants and asked his attorney to file a motion to suppress the results of the search. His attorney did not file such a motion.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Movant cannot demonstrate his attorney violated either of Strickland's prongs. To the contrary, Movant swore at the Rule 11 hearing that his attorney had done everything he asked him to do and had not done anything he asked him not to do. Tr. at 14-15. More specifically, Movant swore that he and his attorney discussed the prospect of filing a motion to suppress, its likelihood of success, and the wisdom of foregoing the motion in exchange for the benefits provided in the plea agreement. Tr. at 19-20. Movant's statements, made under oath, are entitled to reliance and are not refuted by his post-hoc allegations. Blackledge v. Allison, 431 U.S. 63, 74 (1977);

2

United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000); United States v. Austin, 413 F.3d 856, 857-58 (8th Cir. 2005).

Movant does not deny the force and import of his sworn statements. He also does not explain how his present contradictory claim can be valid. He alleges his attorney advised him to accept the plea because it was a "good deal," which is consistent with his prior statements and (significantly) confirms that the matter was discussed between Movant and his attorney and a strategic decision was made to forego the dubious motion to suppress in favor of an advantageous agreement. Critically, Movant does not deny that this "weighing of options" occurred and that he made an informed choice. The performance prong is not violated merely because Movant's attorney advised him to forego the motion to suppress in favor of the plea agreement.

Even if the performance prong had been violated, Movant cannot establish prejudice. The record establishes at least two arrest warrants were outstanding on the day in question. Thus, a motion to suppress would not have changed the outcome.

## II.  CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted. Should Movant's counsel believe that additional issues should be included in the Certificate of Appealability, counsel should file a request specifying the issues that should be included and the reasons for doing so. Any such request will be considered *de novo* in light of the fact that this Order has been issued *sua sponte*.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).  When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue."  Fed. R. App. P. 22(b).

Movant testified that his attorney had done what he asked him to do, that the two had discussed the wisdom and likely results of filing a motion to suppress, and deemed the best course of action was to accept the plea agreement and forego the motion. Movant now alleges his attorney persuaded him to forego the motion.  This scenario does not suggest counsel violated the standard of representation required by the Sixth Amendment, and there is no justification for further proceedings.

## III.  CONCLUSION

The request for postconviction relief is denied, and the Court declines to issue a Certificate of Appealability.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: December 17, 2008                UNITED STATES DISTRICT COURT

4